**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| MIDWEST OPERATING ENGINEERS WELFARE FUND, *et al.*, | ) ) ) | No. 19 CV 1153 |
| Plaintiffs, | ) ) | |
| v. | ) ) | Magistrate Judge Young B. Kim |
| DAVIS & SON EXCAVATION LLC & DAVIS CONSTRUCTION LLC, | ) ) ) ) | |
| Defendants. | ) ) | June 24, 2021 |

**MEMORANDUM OPINION and ORDER**

Plaintiffs (collectively referred to herein as "the Funds") brought this case pursuant to ERISA and the Labor Management Relations Act seeking an audit of Defendant's records to identify any unpaid contributions owed and the payment of any amounts determined to be due along with audit fees, attorney's fees, and costs. Before the court is the Funds' motion for a protective order to bar discovery with respect to: (1) the contractual relationship between the Funds and their attorneys; and (2) the amount of attorney's fees the Funds have incurred. For the following reasons, the motion is granted.

**Analysis**

The Funds argue that the proposed discovery is unnecessary because attorney's fees are a remedy under ERISA, *see* 29 U.S.C. § 1132(g)(2)(D), and assert that if the Funds succeed at trial, they will then file a fee petition under Local Rule 54.3 to establish the appropriate amount of attorney's fees to be recovered. (R. 101,

Pls.' Mot. ¶ 6.) As support for this position, the Funds point to this court's prior ruling denying their motion for summary judgment with respect to fees and costs as premature until the court determines whether Defendant owes unpaid contributions, interest, or liquidated damages. (Id. ¶ 5.)

Defendant argues that it is entitled to discover whether Plaintiffs actually incurred any attorney's fees. Defendant asserts that the Local Rules governing attorney's fee petitions address only the appropriateness of the amount of fees requested, not the "underlying agreement to pay or the arrangement between the purported attorney and client." (R. 103, Def.'s Resp. ¶ 9.) According to Defendant, discovery regarding the nature of the Funds' payment arrangements or contractual relationship with their attorneys is relevant to determine whether an award of attorney's fees to Plaintiffs would amount to "a windfall or a reimbursement." (Id.)

In objecting to the current motion Defendant assumes, without citing any authority, that the Funds' payment arrangements with their counsel will impact their claims for attorney's fees under Section 1132(g)(2)(D). But Defendant's assumption overlooks caselaw in this circuit establishing that because it is the litigant, not the attorney, who owns the attorney's fee awarded under ERISA, such fees are awarded even where the attorneys are in-house. *Central States, S.E. & S.W. Areas Pension Fund v. Central Cartage Co.*, 76 F.3d 114, 116-17 (7th Cir. 1996) ("[T]he wages of staff counsel do not matter; the court should make an award representing the cost the victorious litigant would have incurred to buy legal services in the market, no matter how the litigant actually acquired those

2

services."). The fact that an attorney is salaried or works in-house is not a bar to a statutory fee award because the fees compensate for the opportunity cost inherent in litigating the case, and time in-house attorneys spend on the relevant litigation is time they could have spent on other productive work for the company. *Id.*; *see also Textor v. Bd. of Regents of N. Ill. Univ.*, 711 F.2d 1387, 1396-97 (7th Cir. 1983). Awarding attorney's fees under the prevailing market rate to parties who rely on salaried attorneys avoids penalizing companies for efficiently handling legal work in-house. *Wis. v. Hotline Indus., Inc.*, 236 F.3d 363, 365-66 (7th Cir. 2000).

The court agrees with the Funds that Local Rule 54 will govern the procedure in which they will seek to establish the reasonableness of their attorney's fee request should they prevail on the merits at trial, and that questions regarding the amount of their attorney's fees or nature of their fee arrangements with counsel are premature at this time. As such, Defendant's proposed discovery regarding the relationship between the Funds and their attorneys and the actual amount of attorney's fees the Funds have incurred is not relevant.

### Conclusion

For the foregoing reasons, the Funds' motion for a protective order is granted.

ENTER:

_____
Young B. Kim
United States Magistrate Judge